UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN BAKER, #182416,

    Plaintiff,

v.

COUNTY OF MISSAUKEE, et al.,

    Defendant.
                                /

File No: 1:09-cv-1059

HON. ROBERT HOLMES BELL

# **O P I N I O N**

Before the Court are Plaintiff's objections (Dkt. No. 65) to Magistrate Judge Joseph Scoville's March 28, 2011, Report and Recommendation ("R&R") (Dkt. No. 64). The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Plaintiff has raised nine numbered objections to the R&R.

**Objections One and Five**

In his first objection, Plaintiff objects to the R&R's assertion that Plaintiff "was unsuccessful in his . . . attempts to have his statement suppressed in the criminal case." (R&R 6.) The statement at issue was made on November 30, 2007. Plaintiff argues that "the trial judge ruled that the November 30, 2007 statement could not be used in the prosecutor's case in chief." (Obj. 2.) The objection is apparently an objection to the

Magistrate Judge's use of the word "suppressed." Plaintiff does not appear to disagree with the facts as they appear from the partial hearing transcript Plaintiff included with his Amended Complaint: namely, the trial judge ruled that the statements could not be used in the prosecutor's case-in-chief, but they could be used if Plaintiff took the stand. As the substance of the November 30 statements apparently did come into evidence when Plaintiff took the stand, (*see* Am. Compl., Ex. 1, 06/19/08 Partial Hr'g Tr. 60-61, 75, 82), it is clear that the statements were not entirely prohibited, and thus were not suppressed. *See Black's Law Dictionary* (9th ed. 2009). Plaintiff's attempts to have them prohibited entirely were unsuccessful. (*See* 06/19/08 Partial Hr'g Tr. 82.) The objection will be overruled.

Plaintiff's fifth objection pertains to the same statements, of which the R&R states that Plaintiff "was not successful in his state-court efforts to attack the knowing and voluntary nature of [the statements]." (R&R 12.) Plaintiff argues that "[t]he trial court did find that the statement was not free and voluntary." (Obj. 3.) This is incorrect. The trial court judge specifically stated that "I find . . . [a]nd I want the record to be clear, it was a voluntary statement." (06/19/08 Partial Hr'g Tr. 82.) The objection will be overruled.

**Objection Two**

In his second objection, Plaintiff objects to the R&R's statement that Plaintiff "alleges that his family gave his 'pain medication' to Lieutenant Andrea Martin on November 27, 2007." (R&R 6.) Plaintiff contends that his allegation was that his family delivered to Lieutenant Martin *a prescription* for his pain medicine. (Obj. 2.) Plaintiff is

2

correct. His allegation refers to the prescription, not the medication itself. (Dkt. No. 29, Am. Compl. ¶ 23.) The objection will be sustained.

**Objections Three and Four**

Objections three and four pertain to statements in the R&R regarding grievances. In objection three, Plaintiff objects to the R&R's characterization of a January 20, 2008, missive from Plaintiff to Sheriff Bosscher as "a lengthy letter." (R&R 8.) Plaintiff asserts that this document was intended to be, and should be regarded by the Court as, a grievance. (Obj. 2.) In objection four, Plaintiff objects to the R&R's statement that "Plaintiff filed five grievances during his confinement at MCJ." (R&R 10.) Plaintiff asserts that he, in fact, filed at least ten grievances. (Obj. 3.) Plaintiff's objections are well taken, and the Court understands Plaintiff's desire to avoid having other potential grievances precluded from future consideration based on findings made at this stage. (*See* Obj. 1.) However, it does not appear to the Court that the Magistrate Judge intended these statements to have any such effect. "[L]engthy letter" is not a legal term-of-art, and grievances, motions, and briefs may well take the form of lengthy letters in some circumstances. The R&R specifically states that grievances other than the five addressed may exist and that "this court cannot assume that [Plaintiff] has attempted to allege a complete history of his attempts to raise his claims administratively."[1] (R&R 13-14.) Though Plaintiff's concerns are acknowledged, the objections, as such, will be overruled.

---

[1] The R&R's statement that "Plaintiff filed five grievances" appears to be simply a convenient shorthand introduction to the R&R's brief review of the five grievances attached to the Amended Complaint. (*See* R&R 10-11.)

3

**Objection Six**

In his sixth objection, Plaintiff objects to the R&R's statement that Plaintiff "was unable to persuade Michigan's courts that medication prevented him from understanding the nature of the criminal proceedings and actively participating in his defense." (R&R 12.) Plaintiff argues that he never attempted to present himself as incompetent and that he actively opposed attempts to question his competency. (Obj. 4.) This may be accurate, and the Court can locate no evidence in the record pertaining to state-court findings on the matter of competence. It appears, however, that what the Magistrate Judge was referring to was the fact that although Plaintiff characterized himself as being in a "surreal state" due to methadone withdrawal during one round of pre-trial police questioning, the trial judge found the statements made during that questioning to be voluntary. (Am. Compl. ¶ 27; 06/19/08 Partial Hr'g Tr. 82.) In any event, and as noted in response to Plaintiff's eighth objection, to the extent that Plaintiff attempts to raise claims that tend to undermine the validity of his conviction, those claims will be dismissed. The objection will be overruled.

**Objection Seven**

In his seventh objection, Plaintiff objects to the R&R's statement that "Plaintiff alleges . . . that he was physically and mentally dependant on [methadone]." (R&R 20 (citing Am. Compl. ¶ 22).) Plaintiff points out that he in fact alleged that he was "physically and *medically*" dependant on methadone. (Am. Compl. ¶ 22; Obj. 4.) It does not appear to the Court that the Magistrate Judge was attempting to make any new or contrary finding, and

4

though the distinction may be minor, Plaintiff is nonetheless correct about the nature of his allegation. The objection will be sustained.

**Objection Eight**

In his eighth objection, Plaintiff objects to the recommendation that "all claims involving plaintiff's criminal case, including challenges to the effectiveness of his counsel, his competency to stand trial, allegedly coercive interrogation, and the admissibility of his statements to police, be dismissed without prejudice." (R&R 23.) Plaintiff argues that, other than an unintentional Sixth Amendment claim, he made no such claims. (Obj. 4-5.) That Plaintiff's claims may have been "unintentional" (or unrecognized) alters neither the Magistrate Judge's correct analysis of the issues nor his sound recommendation regarding those issues. The objection will be overruled.

**Objection Nine**

In his ninth and final objection, Plaintiff objects to the recommendation that Dr. Ureta and the Missaukee County Defendants be ordered to answer the complaint. (R&R 23.) Plaintiff argues that these Defendants have already filed answers. (Obj. 6; *see* Dkt. Nos. 31, 34.) Plaintiff is correct; the Defendants have filed answers.[2] The objection will be sustained, and Defendants will not be ordered to renew their answers.

---

[2] As answers have already been filed, the Court notes that Defendants' motions under Rule 12(b)(6) would properly have been filed and considered under Rule 12(c). However, the standards of review under the two rules are nearly identical, *see Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006), and the Court finds that the R&R's analysis holds good under either standard.

**Other Matters**

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. An order consistent with this opinion shall be entered.


Dated: May 3, 2011                                         /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE