UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN BAKER #182416,

    Plaintiff,

v.

COUNTY OF MISSAUKEE, et al.,

    Defendants.
                                        /

File No. 1:09-CV-1059

HON. ROBERT HOLMES BELL

## **O P I N I O N**

On November 19, 2009, Plaintiff brought this suit under 42 U.S.C. § 1983 asserting deliberate indifference to serious medical concerns, denials of due process, and denials of the equal protection of the law. (Dkt. No. 1.) Presently, there are two motions for summary judgment pending, one by Defendant Sotero Ureta and the other by the remaining defendants. (Dkt. Nos. 158, 165.) On July 31, 2012, Magistrate Judge Joseph G. Scoville issued a discovery order denying Plaintiff's pro se motions to compel discovery (Dkt. Nos. 134, 143, 144, 169, 184), denying Plaintiff's motion for leave to serve interrogatories in excess of the case management order's limits (Dkt. No. 155), and granting Plaintiff's motion for a protective order only to the extent that it sought to exclude his deposition from further consideration (Dkt. No. 139). (Dkt. No. 195.)

This matter is before the Court on Plaintiff's appeal of the discovery orders and motion to exceed the page limit (Dkt No. 207), Plaintiff's motion to correct errors of the

Clerk of the Court (Dkt. No. 210), and Plaintiff's motion for an order delaying a ruling on the summary judgment motions (Dkt. No. 212).

**A. The Discovery Orders**

Pursuant to Federal Rule of Civil Procedure 72(a), the Court may only modify or set aside a nondispositive order of the Magistrate Judge if it is "clearly erroneous or is contrary to the law." Plaintiff's appeal was timely filed, and thus the Court will consider his objections. Because the objections overlap, the Court will examine the Magistrate Judge's disposition of the numerous motions chronologically.

**1. January 9 Motion to Compel**

Plaintiff's first discovery request was a January 9 motion to compel. (Dkt. No. 134.) The Magistrate Judge found this motion to be improperly filed, and thus denied it because "plaintiff did not comply with the foundational requirements of Rule 7.1(b) of the Local Civil Rules requiring that all discovery motions 'shall set forth verbatim, or have attached, the relevant discovery request and answer or objection.'" (Dkt. No. 195, at 2.) This ruling was understandable because the docket did not include discovery materials with the motion. However, Plaintiff contends that he complied with this rule but that the Court Clerk erroneously sent back all of the discovery materials he provided and filed an incomplete version of his motion.

As the Magistrate Judge noted, Plaintiff did not label the materials accompanying the January 9 motion as "exhibits," and thus the Clerk returned them to him because they were

discovery materials. (Dkt. No. 195, at 3.) This explains why no attachments were filed. Additionally, looking at the motion as filed, it is also clear that the motion itself was incomplete. The last page has a heading for "Admissions" at the bottom, but no other pages with such admissions follow. (Dkt. No. 134, at 3.) Because the Magistrate Judge did not know what the missing pages of the motion or the missing attachments included, he concluded that he had insufficient evidence to judge the propriety of Plaintiff's requests or the responses of the defendants. (Dkt. No. 195, at 2.) Based on the docket as it then existed, this was understandable because the missing pages did not appear to have ever been re-filed.

However, Plaintiff attempted to re-submit these materials with two motions on January 19, which included the complete version of the January 9 motion, and a request for an order granting permission to re-submit the previously-rejected attachments to that motion. (*See* Dkt. Nos. 143, 144.) Having heard no response to the request for permission, on March 16, 2012, Plaintiff wrote a letter to the Clerk re-submitting the missing attachments. (Dkt. No. 184.) The Clerk made these materials available, but incorrectly indicated that they were in regard to a February motion to compel instead of the January 9 motion. Plaintiff wrote a letter attempting to correct this mistake, but this letter was not filed before the discovery orders. (Dkt. No. 207, Ex. 5.) Thus, the Magistrate Judge considered the material provided in Docket Number 184 as untimely because the docket indicated that it was in regard to the February motion to compel discovery, which was untimely. However, because the missing attachments filed in Docket Number 184 should have been labeled as referring to the January

3

9 motion, they should have been considered in conjunction with Docket Number 134, which was timely filed. Thus, while the mislabeling of the docket sheet and Plaintiff's somewhat ambiguous pro se filings make the Magistrate Judge's conclusion understandable, it is now clear that the exhibits filed in Docket Number 184 should have been considered in conjunction with the timely-filed January 9 motion to compel.

As for the mislabeling of Docket Number 184, Federal Rule of Civil Procedure 60(a) provides that the Court may correct a clerical mistake in the record. Thus, the Court will order that Docket Number 184 be corrected so that the materials filed are listed as a supplement to the January 9 motion to compel (Dkt. No. 134) and not the February 24 motion to compel (Dkt. No. 169).

**2. January 19 Motions to Compel**

As mentioned, when the Clerk filed an incomplete version of the January 9 motion and returned the discovery materials Plaintiff had intended to include, Plaintiff responded by filing two more motions on January 19. The Magistrate Judge viewed these motions as "two motions to compel," separate from the January 9 motion. (Dkt. No. 195, at 2.) However, the two motions at issue were not new motions to compel. The first motion (Dkt. No. 143) sought leave to re-file the January 9 motion, this time with the materials that had erroneously been returned to Plaintiff by the Clerk. The second "motion to compel" was Plaintiff's re-submission of the January 9 motion verbatim. (Dkt. No. 144.) This time, after the "Admissions" heading on the bottom of page three, numerous additional pages were included

4

(presumably the pages returned by the Clerk). (*Id.*) Moreover, the motion for leave to re-file not only asked that the proposed complete motion be filed (Dkt. No. 144), but also specifically asked that the Court issue an order permitting Plaintiff to re-submit the attachments that had been returned from his January 9 submission (i.e. the materials that complied with Local Rule 7.1(b)). (Dkt. No. 143, at 3-4.) Plaintiff asked for this order, rather than re-submitting the attachments, specifically so that the Clerk's office would not reject the materials again. (Dkt. No. 210, at 3.) Thus, it was clear error for the Magistrate Judge to consider these motions as distinct motions to compel and to not address Plaintiff's request in Docket Number 143 for leave to re-file the non-included attachments.

A second issue with the January 19 motions is their timeliness. The Magistrate Judge concluded that pursuant to the prison mailbox rule, the motions were to be considered filed on January 16, the date they were delivered to prison officials for mailing. (Dkt. No. 195, at 3.) The court's case management order had specified that "[a]ll discovery proceedings shall be completed no later than the date set forth in the table above," which was January 16. (Dkt. No. 81.) Thus, the Magistrate Judge concluded that Plaintiffs' two motions were untimely because:

> Plaintiff could not expect a ruling on his motions on the day he deposited them in the mail. He failed to allow any time for defendants to file a brief in opposition to his motions. *See* W.D. Mich. LCivR 7.3(c). All discovery was to be completed by January 16, 2012.

(Dkt. No. 195, at 3.)

5

Plaintiff's filing of the motions on January 16, the deadline provided, should not have been rejected as untimely. Plaintiff was not sitting on his rights by waiting until January to file his motions to compel discovery. Plaintiff alleged that he received late and incomplete responses to his discovery requests from the defendants, thus delaying his ability to file such a motion to compel. (Dkt. No. 144, ¶¶ 4, 6, 8, 9, 12.) Moreover, he alleged that he sent good faith letters on November 16, 2011, and December 27, 2011, to defendants' counsel to resolve his issues with their discovery responses, but received no answer from them. (Dkt. Nos. 143, ¶ 5; 144, ¶¶ 7, 15.) These letters were in compliance with the Magistrate Judge's direction in the scheduling order that "it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party made a reasonable and good faith effort to reach agreement with the opposing counsel on the matters set forth in the motion." (Dkt. No. 81, at 3.) Having received no response from these letters, Plaintiff filed his motions on, according to the prison mailbox rule, January 3 (Dkt. No. 134) and January 16 (Dkt. Nos. 143, 144). Moreover, the January 16 motions were only necessary because of the non-filing of Plainitff's attachments to the January 3 motion. Thus, because these motions were not new motions to compel they should have been considered retroactively filed on January 3. Moreover, expecting a pro se Plaintiff to infer from a January 16 deadline that he had to file discovery motions a certain unstated amount of time before that deadline is unreasonable. Thus, the Magistrate Judge's conclusion that Plaintiff's January motions were untimely will be reversed.

**3. February 24 Motion to Compel**

As discussed, there was a distinct motion to compel filed on February 24, 2012, that raised different issues than the original, January 9, motion to compel. (Dkt. No. 169.) The Magistrate Judge found this motion to be untimely because it was filed well after the January 16 deadline for discovery matters. Plaintiff objects to the Magistrate Judge's conclusion that motions to compel discovery needed to be filed before January 16, arguing that the scheduling order did not explicitly address such motions and he was still waiting for answers to his discovery requests when that deadline passed.

One of Plaintiff's main objections is that when he mistakenly sent interrogatories exceeding the limit of 25 to the eight corrections officers,[1] these officers refused to answer any of them rather than answering the first 25 interrogatories and objecting to the rest. (Dkt. No. 207, at 11.) Essentially, the defendants ignored the interrogatories, while Plaintiff kept waiting for a response, even as the deadline passed. (*Id.*) Plaintiff's confusion is evidenced by the fact that he sent a good faith letter in February, well after the January 16 deadline, seeking responses from the defendants. (*Id.*)

The Magistrate Judge's conclusion was not in error. Despite Plaintiff's understandable confusion and the fact that the defendants ignored his interrogatories rather than objecting to them, the scheduling order broadly stated that "[a]ll discovery proceedings

---

[1]Plaintiff believed that the limit of 25 interrogatories meant he could send 25 documents with such questions to defendants, rather than meaning that the number of questions themselves were limited to 25. (Dkt. No. 155.)

7

shall be completed no later than the date set forth in the table above," which was January 16. (Dkt. No. 81, at 2.) A motion to compel discovery clearly fits within that broad order. Because the deadline was clear, Plaintiff should have submitted this motion to compel by the end of the deadline, instead of waiting. Thus, the Magistrate Judge was correct to dismiss the February motion as untimely.

### 4. Motions Never Filed

Plaintiff also contends that he placed two other motions in the mail on January 26, 2012, that were never docketed into the record. (Dkt. No. 207, at 14.) The two motions were allegedly a motion to compel discovery of Defendant Ureta and a motion for leave to amend the complaint and add two defendants. (*Id.*) Even if the Court accepts as true that Plaintiff placed these motions in the mail on January 26, both motions would be considered untimely. As discussed, all discovery matters had to be submitted by January 16. Additionally, the scheduling order specifically stated that the time to join parties and/or amend the pleadings was passed, as of the date of its filing, June 30, 2011. (Dkt. No. 81, at 1.) Thus, the failure of the Magistrate Judge to consider these two motions was not clear error, and Plaintiff's request for an order allowing these two motions to be filed will be denied.

## B. Court Clerk's Errors

Plaintiff also alleges that Defendant Ureta served his pretrial disclosures on Plaintiff on July 30, 2012. (Dkt. No. 210.) Federal Rule of Civil Procedure 26(a)(3)(B) provides that, within fourteen days of such a disclosure, the other party may serve and file objections.

8

Plaintiff argues that he attempted to file his objections but the Clerk erroneously returned the filed material deeming it to be discovery material. (*See* Dkt. No. 201.) Plaintiff was relying on this filing to satisfy the service requirement of Rule 26(a)(3)(B) because of the "electronic service[]" of materials filed with the Court. (Dkt. No. 210, at 2.) As a result of the return of the material, service to Defendant Ureta was untimely.

First, Rule 26(a)(3)(B) requires independent service of such objections on the opposing party. Thus, Plaintiff's reliance on the Court's automatic notification to the parties of filings to count as "electronic service" was improper. However, Plaintiff is correct that his materials should not have been returned and should have been filed. The rule reads that an objecting party may "serve and promptly file a list of the [] objections." Fed. R. Civ. Proc. 26(a)(3)(B). The material Plaintiff sent, the list of his objections (Dkt. No. 210, Ex. B), should have been filed in accordance with the plain language of this rule.

Federal Rule of Civil Procedure 60(a) provides that the Court may correct a clerical mistake in the record. Thus, the Court will order that Plaintiff's objections be filed as originally submitted. However, because Plaintiff never served these objections on Defendant Ureta (and had to do so independently of filing the objections), the Court will deny Plaintiff's request that it deem these motions properly served.

**C. Consideration of the Summary Judgment Motions**

Lastly, Plaintiff moves for an order deferring consideration of defendants' motions for summary judgment until after his aforementioned discovery motions are properly

considered.  (Dkt. No. 212.)  Such an order is appropriate and will be issued.

An order will be entered consistent with this opinion.


Dated:  November 1, 2012                                 /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE